JAMES L. ROBERTS, Jr., Justice,
for the Court:
On July 17,1992, O.L. Fortson, Jr., filed in the Circuit Court of Sunflower County, Mississippi, a Petition for Post-Conviction Collateral Relief/Motion for Reinstatement of Parole alleging unlawful and unconstitutional revocation of parole. The Circuit Court dismissed the petition as time barred. Feeling aggrieved by this decision, Fortson perfected this appeal.
Pursuant to Miss.Code Ann. § 99-39-5(2) (1994) “cases in which the prisoner claims that his ... parole or conditional release has been unlawfully revoked” are exempt from the Post-Conviction Collateral Relief Act’s three year statute of limitations. Therefore, we find the lower court erred in dismissing Fortson’s petition as time barred.
STATEMENT OF FACTS AND PROCEDURAL HISTORY[1]
O.L. Fortson, Jr., (“Fortson”), was convicted in Circuit Court of Harrison County, Mississippi, in September of 1975 of murder and sentenced to life imprisonment. Fortson was released on parole sometime in 1985. Shortly after his release, Fortson was again arrested in Forrest County, Mississippi. After a preliminary hearing those charges were dismissed for lack of evidence. However, Fortson was returned to the custody of the Mississippi Department of Corrections. At a subsequent parole revocation hearing Fort-son’s parole was revoked.
On July 17, 1992, some six or seven years after the revocation of his parole, Fortson filed in the Circuit Court of Sunflower County pursuant to Miss.Code Ann. § 99-39-1, et seq. and Rule 8.07 of the Mississippi Rules of Circuit Court Practice, a Petition for Post-Conviction Collateral Relief and Motion for Reinstatement of Parole. Fortson alleged that his parole had been revoked without probable cause, the sole basis of the revocation being an arrest, which charges were later dismissed, and therefore the Parole Board’s revocation of his parole was “illegal and unconstitutional.”
On July 17,1992, the same day the petition was filed, the Circuit Court of Sunflower County, Judge Howard Q. Davis, Jr., presiding, without a hearing, dismissed Fortson’s petition as “time-barred”. It is from this order that Fortson appeals.

DISCUSSION

I. THE TRIAL COURT ERRED IN DISMISSING THE PETITION FOR POST-CONVICTION RELIEF ACTION AS “TIME-BARRED”.
Miss.Code Ann. § 99-39-5 sets out the grounds for post-conviction relief and the applicable time limitations, in part, as follows:
*635 (1) Any prisoner in custody under sentence of a court of record of the state of Mississippi who claims:
* ⅜ * ⅜ * *
(g) That his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is other wise unlawfully held in custody;
* * * * * *
(2) A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner’s direct appeal is ruled upon by the supreme court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction. ... Likewise excepted [from this three-year statute of limitations] are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked, [emphasis added].
Fortson argues that since he is claiming an unlawful revocation of parole then under Miss.Code Ann. § 99-39-5(2) his petition for post-conviction relief was not time barred. The State, on the other hand, argues that in cases of parole revocation the three year statute of limitations begins at the time of the parole revocation.
The unambiguous language of Miss.Code Ann. § 99-39-5(2) exempts a challenge of revocation of parole from the PosMDonviction Relief Act’s three year statute of limitations. See Alexander v. State, 647 So.2d 693, 698 (Miss.1994); Brown v. State, 643 So.2d 937, 939 (Miss.1994). There is nothing in the language of the statute to suggest that it was the legislature’s intent that in cases citing unlawful revocation of probation or parole that the Post-Conviction Relief statute of limitations begins to run at genesis of the claim. Therefore, the lower court erred in dismissing Fortson’s petition as time barred.

CONCLUSION

Pursuant to Miss.Code Ann. § 99-39-5(2) “cases in which the prisoner claims that his ... parole or conditional release has been unlawfully revoked” are exempt from the Post-Conviction Collateral Relief Act’s three year statute of limitations. Therefore, the lower court erred in dismissing Fortson’s petition as time barred and this case is reversed and remanded to the Circuit Court of Sunflower County for an evidentiary hearing.
REVERSED AND REMANDED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, McRAE and SMITH, JJ., concur.

. The facts set out in this opinion are based on the facts contained in Fortson’s Petition for Post-Conviction Collateral Relief.