667 So.2d 1 (1995)
John P. ALEXANDER
v.
STATE of Mississippi, Carmen Gettis Castilla and Mississippi State Parole Board.
No. 92-KA-00010-SCT.
Supreme Court of Mississippi.
November 30, 1995.
Dan R. Wise, Hattiesburg, for Appellant.
Michael C. Moore, Attorney General, Deirdre McCrory, Sp. Asst. Attorney General, Jackson, for Appellee.
EN BANC.

ON PETITION FOR REHEARING
HAWKINS, Chief Justice, for the Court:
The present case was considered by this Court in Alexander v. State of Mississippi, *2 Carmen Gettis Castilla and Mississippi State Parole Board, No. 92-KA-00010 (decided December 8, 1994). After full consideration, we hereby grant the State's Petition for Rehearing. Therefore, this Court's original opinion is hereby withdrawn and the following opinion is to be substituted therefore.

STATEMENT OF THE CASE
In 1978, Alexander was convicted of murder in the Circuit Court of Hinds County and ordered to serve a life sentence in the custody of the Mississippi Department of Corrections. This Court subsequently affirmed the conviction and sentence in Alexander v. State, 358 So.2d 379 (Miss. 1978). Alexander was paroled in August of 1984.
On September 23, 1986, Alexander was arrested and charged with simple assault. He was convicted of that charge on September 26, 1986, in the Forrest County Justice Court. Alexander was returned to Parchman prison on October 3, 1986. After being duly noticed, Alexander was given a parole revocation hearing on October 27, 1986. Alexander received from the Board a notice concerning this hearing, which stated in part:
The Parole Board shall have the authority to continue, revoke or modify your Parole. The allegations against you are:
violation of condition # 5: you were arrested, charged and found guilty of simple assault; (5) I will live and remain at liberty without violating the law.
Alexander's parole was revoked by Order dated October 27, 1986. On November 3, 1986, Alexander perfected an appeal of the simple assault conviction to the Forrest County Court. The county court thereafter on August 4, 1987, entered an Order dismissing the simple assault charges.
In January of 1991, Alexander filed a Writ of Habeas Corpus in the Circuit Court of Sunflower County, challenging the revocation of his parole. Alexander received notice for a hearing on the Motion, signed by Magistrate Betty W. Sanders, and a hearing was held on April 24, 1991. After considering all the evidence, the circuit court denied Alexander's petition. Alexander thereafter filed a motion for reconsideration. This motion was also denied by the lower court.
Aggrieved by the lower court's dismissal of his claim, Alexander filed notice of appeal to this Court and presented the following for review:
I. THE LOWER COURT ERRED IN DISMISSING WITH PREJUDICE ALEXANDER'S MOTION FOR POST-CONVICTION RELIEF
II. THE LOWER COURT ERRED IN HOLDING THAT ALEXANDER'S PETITION WAS TIME-BARRED UNDER § 99-39-5 (Supp. 1993)
By Order of this Court, dated April 14, 1994, the record for the case sub judice was supplemented by Judge Howard Q. Davis's subsequent order as follows:
The information received in response to those requests reflect that on September 20, 1986, James Peyton Alexander, father of the petitioner in this cause, made affidavit before the clerk of Forrest County Justice Court that petitioner had committed an assault upon him and petitioner's sister by making threats of bodily harm and that Mr. Alexander considered "John dangerous to his family and himself." The Justice Court found him guilty on September 26, 1986. On October 27, 1986, Mr. Alexander's parole was ordered revoked. On November 3, 1986, an appeal was perfected to the County Court of Forrest County. There was no transcript made of any proceedings in the County Court, but that Court, by Order dated August 4, 1987, dismissed the cause on Mr. Alexander's motion to which the County Prosecuting Attorney did not object. The Motion to Dismiss was filed on July 24, 1987; that Motion was based upon an Affidavit of the father who stated that he filed the Justice Court action "in order to get him medical assistance and get his antidepressant medications regulated when I was unable to receive assistance from the Chancery Court of Forrest County." He stated that he was "now no longer willing to testify in the case for the prosecution."
The record of the parole board hearing reflects that petitioner admitted to the charge of simple assault and that he had *3 earlier been paroled, in large part, due to his mother's assurances to the Parole Board that she would see that he took his medicine.
Alexander filed a response to this Court's remand for supplementation, stating there was neither a transcript of the county court proceedings nor a record of Alexander's parole revocation hearing.
Notwithstanding Alexander's assertion, a transcript of the parole revocation hearing was indeed forwarded to this Court pursuant to the April 14, 1994 Order.[1]
The State in its Petition emphasizes the following exchange the transpired during the course of Alexander's parole revocation hearing:
CHAIRMAN:
You were arrested and charged on 9/26/86, found guilty in Forrest County Justice Court of the crime of simple assault attempt to create fear under Section 97-3-7 of the Mississippi Code. Are you guilty?
ALEXANDER:
Yes sir.
CHAIRMAN:
Do you understand the charges?
ALEXANDER:
Yes sir.
CHAIRMAN:
Do you have anything to say or do you want your attorney to talk for you?
ALEXANDER:
Well, I would like to say that I was not on my medication when the crime happened. I'm on my medication now.
During the course of the parole revocation hearing held on October 27, 1986, it was in fact determined that Alexander had discontinued certain medications sometime prior to his father bringing the simple assault charges in Forrest County Justice Court in September, 1986. An unidentified woman commented at the hearing that "[t]his was a justice court conviction. The time for his appeal has not elapsed and he has signed an appeal bond today to appeal that conviction to the county court." She further stated that she "would like to have John released to have some treatment rather than have his parole revoked." In addition, Alexander's parole officer believed he was doing very well and faithfully reported in. There was a great deal of discussion about Alexander ceasing to take his medication and whether this action was approved by his treating physicians.
The chairman presiding at this hearing stated:
As you know, we've discussed this case and ... it is a hard case. In our discussion, it is our opinion that we are going to revoke John for one (1) year and request that Dr. Whellan put him under his supervision and ... and whatever Dr. Whellan sees fit and that would be perfectly alright with the board and we will request a report from Dr. Whellan when John comes back before us next time.
A female voice, again unidentified, stated that she thought that "Mr. Alexander was concerned to make clear to this board that he took this action in filing the simple assault charge as a preventative measure that he was not concerned to have John charged with the assault charge."
The Parole Board revoked Alexander's parole in October, 1986. Alexander, in turn, filed for post-conviction relief, which was denied by the circuit court in 1991. The admission by Alexander concerning the simple assault charge that was brought in the Forrest County Justice Court, together with the other material before this Court requires that the circuit court's order denying Alexander's petition for post-conviction relief be affirmed. The relevant authority for such decision is set forth in the discussion that follows.

I. WHETHER THE LOWER COURT ERRED IN DISMISSING WITH PREJUDICE ALEXANDER'S MOTION FOR POST-CONVICTION RELIEF?
Alexander, in both his petition to the circuit court and his direct appeal to this Court, *4 argues that his parole was unlawfully revoked due to the fact that the county court ultimately dismissed the charges which originally resulted in the justice court conviction. Alexander questions the validity of the justice court conviction and further argues that the county court's subsequent action of dismissing the charges serves to nullify the earlier justice court conviction. This argument focuses on the fact that the county court conducts a de novo review. In part Alexander relies on §§ 11-51-81 through 11-51-91 of the Mississippi Code of 1972. These sections provide the framework for appeals in and from the lower courts. However, nothing in these statutes specifically supports Alexander's assertions and arguments. In addition, Alexander cites Moore v. Ruth, 556 So.2d 1059, 1062 (Miss. 1990), for the proposition that "where a parolee is subsequently acquitted or found not guilty of a felony for which parole has been revoked, this State must prove facts and circumstances, apart from an arrest, charge or conviction, which warrant revocation of parole."
The State counters this argument by relying on the fact that Alexander failed to sustain his requisite burden of factually showing that the revocation of his parole was predicated exclusively on his justice court conviction. Moore v. State, 587 So.2d 1193, 1197 (Miss. 1991).
This Court's holdings in the Moore v. State and Moore v. Ruth cases are applicable to the case sub judice. In Moore v. Ruth, 556 So.2d 1059 (Miss. 1990), this Court discussed the applicable standard for revocation of parole:
Moore has been granted parole, and the heart of his complaint is that the State impermissibly revoked his parole. On revocation, the State's authority is much narrower, for before one released on parole may be returned to custody, it must be shown that he has violated the terms and conditions of parole. Miss. Code Ann. § 47-7-27 (Supp. 1989). Obviously, commission of a felony while on parole is grounds for revocation, [citation omitted], nor is it necessary that parole authorities await the principal trial before commencing proceedings to have the parole revoked. None of this carries us far where, as here, the parolee is found not guilty of the principal charge which formed the basis of the order of revocation.
556 So.2d at 1061 [emphasis in original].
From the record it appears that the Parole Board hearing, conducted to determine whether to revoke Alexander's parole, focused on both the justice court conviction and whether Alexander ceased taking his prescribed medication. The substance of Alexander's responses during the parole revocation hearing support the actual violation of condition five of his parole agreement. We find such evidence to comport with the law set forth in Moore v. Ruth, which requires a showing "that he has violated the terms and conditions of his parole." Id. at 1061.
Condition five required that Alexander "live and remain at liberty without violating the law." Whether or not Alexander's parole was lawfully revoked turns on whether there was a sufficient showing that Alexander violated this condition. We find that the complete record of the parole revocation hearing supports the notion that the revocation was proper as it pertained to the conviction obtained in justice court and later appealed to and dismissed by the county court.
We further find based on the record through supplemental documents, filings, and the State's Petition for Rehearing that the Board did not rely solely on Alexander's justice court conviction as a violation of condition five of the parole agreement. We have before us now a clear and unambiguous admission by Alexander that he was found guilty of simple assault and that he understood the nature of these charges.
In Moore v. Ruth, 556 So.2d at 1062, this Court said: "[t]he acquittal on the criminal charge means at the very least that, before the accused's parole may be revoked, the State must offer actual proof that he committed an act violating the terms and conditions of his parole, and the mere fact that he was arrested and charged with rape may hardly suffice."
Further, in Moore v. State, 587 So.2d 1193, 1196 (Miss. 1991), we stated that "[b]efore one *5 released on parole may be returned to custody, it must be shown that he has violated the terms and conditions of parole. Miss. Code Ann. § 47-7-27 (Supp. 1989)." Id. at 1196.
In the case sub judice, the record of the hearing along with Alexander's admission points to the conviction in justice court as a valid basis for the revocation of Alexander's parole. There was a conviction at the justice court level, which distinguishes it from the "acquittal" category set forth in Moore. This Court finds persuasive, Alexander's comments made during the hearing. Such amounts to actual proof that Alexander violated the terms and conditions of his parole. This in addition to the justice court conviction supports the circuit court's ruling. Accordingly, we affirm the lower court's denial of Alexander's petition for post-conviction relief.

II. DID THE LOWER COURT ERR IN HOLDING THAT ALEXANDER'S PETITION WAS TIME-BARRED UNDER § 99-39-5 (Supp. 1993)?
The order of the lower court stated in part that:
In August of 1987, the County Court Judge in Forrest County dismissed the simple assault charge; that Order recites that the charge was dismissed on a Motion of Mr. Alexander to dismiss to which the County Prosecuting Attorney had no objection; it does not state that he was found not guilty. Clearly, because the parole had already been revoked, it would have been a waste of time and money to proceed on a misdemeanor appeal. At page 5 of his Petition, Mr. Alexander states that there was "a valid reason for revoking his parole status" from September, 1986, until August 4, 1987. If there were a valid reason to revoke his parole in 1986, his parole was properly revoked; he was not `acquitted of' the simple assault charges as he claims; the County simply decided not to continue or prosecute the charge. Furthermore, any right to file for Post-Conviction Relief began to run in August, 1987, and this matter is barred by the 3-year time limitation of § 99-39-5(2).
Alexander contends that because his arguments are predicated on an unlawful revocation of his parole, his motion and appeal are specifically excepted from the three-year filing requirement set forth in § 99-39-5(2) (Supp. 1993). This section states in part that:
A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction. Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the supreme court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. [Emphasis added].
The State counters this argument, stating that the lower court was correct in determining Alexander's motion was time-barred under § 99-39-5 (Supp. 1993). The State, in its brief, supports both sides of this argument by stating:
While the statute does exempt cases such as the one at bar, in which the petitioner is claiming that his parole was unlawfully revoked, the state submits this exception should be read to exempt those prisoners claiming unlawful parole revocation from filing their petitions within three years of the judgment of conviction or affirmance of the judgment. Because parole itself might be granted well over three *6 years after these events, with revocation occurring even later, this exception is necessary to ensure that those prisoners have a fair opportunity to present their claims. Otherwise, such a prisoner might find his claim barred before it came into existence. Once a claim does come into being, though, it should be made within three years.
Obviously, then a prisoner claiming unlawful parole revocation is not required to file his petition within three years of the events specified in the first sentence of the statute. The circuit court recognized this exception, but appropriately held that the statute began to run on the date that the claim came into existence  August 4, 1987, when the county court dismissed the simple assault charge . .. The circuit court's reading comports with the clear intent of the statute [footnote omitted]. A contrary interpretation would give those prisoners claiming unlawful parole revocation an indefinite period of time to file their petitions and would defy the purpose of the statutory scheme. See Morris v. State, 595 So.2d 840, 844 (Miss. 1991).
Alexander was convicted of simple assault in 1986 and his appeal in county court was final on August 4, 1987. If we assume that the three-year limitation is applicable to his case, Alexander had until August 3, 1990, to file under the PCR act. Alexander filed on January 11, 1991. However, because Alexander sought to challenge the revocation of his parole, his cause of action indeed fit squarely within the exception of § 99-39-5(2). The motion and relief requested by Alexander was incorrectly deemed time-barred by the lower court.

CONCLUSION
After additional analysis and review, we find that the actions and rulings of the Sunflower Circuit Court based on Alexander's justice court conviction of simple assault and parole revocation hearing were proper. The conviction was deemed a violation of condition five of Alexander's parole agreement, which required that he "live and remain at liberty without violating the law." It is apparent that Alexander was cognizant of these charges and that he further admitted his guilt. Therefore, we affirm the ruling of the Sunflower Circuit Court.
As to the second issue raised by Alexander, the lower court was incorrect in deeming his motion time barred under § 99-39-5(2). This case falls squarely within the enumerated exception pertaining to "unlawfully revoked" parole.
AFFIRMED.
DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
McRAE, J., concurs in result only.
BANKS, J., concurs with separate written opinion joined by SULLIVAN and McRAE, JJ.
BANKS, Justice, concurring:
I concur in the result reached by the majority because, in my view, the record supports the conclusion that the Parole Board relied upon the failure to take medication giving rise to the circumstances leading to the justice court conviction rather than the fact of conviction standing alone. I do not agree with the majority opinion insofar as it may be read to assert that a justice court conviction, which is later rendered nugatory by an appellate acquittal on the charge, is sufficient, standing alone for the revocation of parole. There is little to distinguish an acquittal at the county or circuit court level following a justice court conviction from an acquittal at the circuit court level following a felony charge. In either event, if revocation is based on the fact of the charge or even a conviction subject to de novo consideration, as opposed to an independent finding of conduct violative of parole, revocation should be set aside. Moore v. Ruth, 556 So.2d 1059 (Miss. 1990).
SULLIVAN and McRAE, JJ., join this opinion.
NOTES
[1] The transcript does not list the members or persons present at the time the transcript was made.