# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 2000-CP-00086-SCT

***ALBERT EDMOND***

***v.***

***MISSISSIPPI DEPARTMENT OF CORRECTIONS, MISSISSIPPI PAROLE BOARD AND STATE OF MISSISSIPPI***

| | |
|---|---|
| DATE OF JUDGMENT: | 12/21/1999 |
| TRIAL JUDGE: | HON. JAMES W. BACKSTROM |
| COURT FROM WHICH APPEALED: | GREENE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JOHN R. HENRY, JR. |
| DISTRICT ATTORNEY: | KEITH MILLER |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND REMANDED -04/12/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/3/2001 |

### EN BANC.

### McRAE, PRESIDING JUSTICE, FOR THE COURT:

¶1. From a December 21, 1999, judgment dismissing a petition for a writ of habeas corpus, Albert Edmond ("Edmond") appeals to this Court. Edmond petitioned the Circuit Court of Greene County for a writ of habeas corpus, claiming that the Mississippi Department of Corrections ("MDOC") unlawfully revoked his parole in 1982 by not affording him the required revocation procedure. Circuit Court Judge James W. Backstrom entered the judgment on finding that (1) the court had "no proof before it that the parole of the plaintiff (Edmond) was unlawfully revoked," (2) that Edmond admitted a parole violation, and (3) pursuant to the Post-Conviction Collateral Relief Act and ***Alexander v. State***, 667 So. 2d 1 (Miss. 1995), "all that has to be shown in a proper revocation proceeding is that the parolee violated the terms of his parole." Edmond's petition for habeas corpus relief was denied without an evidentiary hearing. Finding the record insufficient to determine whether Edmond received the proper due process requirements of a revocation proceeding, we reverse and remand this case to the circuit court for a determination of whether Edmond was afforded a proper revocation proceeding.

## STATEMENT OF FACTS

¶2. Edmond was convicted of forcible rape in Hinds County in 1974 and was sentenced to life imprisonment.[(1)] This Court affirmed his conviction in ***Edmond v. State***, 312 So. 2d 702 (Miss. 1975). On or about June 16, 1982, Edmond was paroled to Cleveland, Mississippi, in Bolivar County, where he was given a job with the Mississippi Department of Corrections (Parchman) as a staff chaplain.

¶3. About two weeks later, Edmond, accompanied by his chaplain and minister, went to the Bolivar County Sheriff's Office where he voluntarily reported that he had "the night before entered into an unknown house." The sheriff allegedly asked whether a complaint was filed or an arrest made. Finding neither, the sheriff allegedly instructed Edmond that he could not make an arrest and that Edmond was free to carry on.

¶4. After Edmond's admission to the sheriff, on or about July 3, 1982, the Cleveland Police Department arrested Edmond following an investigation by the sheriff and charged him with "malicious trespass." Edmond was jailed at the Bolivar County Jail. Six days later, on or about July 9, 1982, Edmond claims he was taken before a Justice of the Peace, without having spoken with his parole officer and without consulting with an attorney. The Justice of the Peace asked how long Edmond had been in jail. When he replied that it had been six days, the judge sentenced him to time served, and Edmond was taken back to the Bolivar County Jail.

¶5. Approximately ten days following Edmond's appearance before the Justice of the Peace, on or about July 17, 1982, Edmond claims he was transferred to the Mississippi State Penitentiary at Parchman to appear before the parole board. Sometime in August of 1982 Edmond did appear, and his parole was revoked. Edmond asserts that he did not have an opportunity to interview with his parole officer and that he was not afforded a preliminary hearing. Without written notice, Edmond's parole was revoked for one year, and to date, it has not been re-instated.

¶6. The State asserts that Edmond's claims are time-barred by the three-year statute of limitations set forth in Miss. Code Ann. § 99-39-5(2) (2000), a provision of Mississippi's Uniform Post-Conviction Collateral Relief Act, ("UPCCRA"), Miss. Code Ann. §§ 99-39-1 through 99-39-29 (2000). In addition, the State asserts that Edmond's claims are barred based on the doctrine of laches. Edmond asserts that he was denied proper revocation procedures when his parole was revoked in 1982, listing several sub-issues pursuant to *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593, 33 L.Ed.2d 484 (1972) and Miss. Code Ann. § 47-7-27 ( 2000). Edmond also asserts that the circuit court erred in denying his petition without an evidentiary hearing. Finding that Edmond's claims are not time-barred pursuant to the three-year statute of limitations as set forth in § 99-39-5(2) and finding that there is insufficient evidence to determine whether Edmond was afforded proper revocation procedure, we reverse and remand this case to the circuit court for a proper evidentiary hearing.

## DISCUSSION

### I. WHETHER EDMOND'S CLAIMS ARE TIME-BARRED PURSUANT TO THE THREE-YEAR LIMITATION PERIOD SET FORTH IN THE UNIFORM POST-CONVICTION COLLATERAL RELIEF ACT, § 99-39-5(2), OR THE DOCTRINE OF LACHES.

¶7. The State argues that the circuit court did not err in denying Edmond's claims because they are time-barred pursuant to the three-year statute of limitations set forth by § 99-39-5(2). We find these arguments to be without merit, as Edmond's claims are not time-barred pursuant to either of the reasons above.

¶8. Edmond's initial claim for relief to the lower court was in the form of a petition for writ of habeas corpus, and this relief was denied. Edmond's claims are construed as exceptions to the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA), Miss. Code Ann. §§ 99-39-1 through 99-39-29 (2000). The UPCCRA repealed post-conviction use of habeas corpus and implemented a motion

framework specifically for post-conviction collateral review of challenges to convictions or sentences, as opposed to pre-conviction challenges. *Id.* § 99-39-3. *See also* **Grubb v. State**, 584 So. 2d 786, 788 (Miss. 1991); **Walker v. State**, 555 So. 2d 738, 740 (Miss. 1990).

¶9. However, the UPCCRA does not deprive Edmond of his constitutional right to bring a writ of habeas corpus for other purposes in other contexts. *See* Miss. Const. Art. 3, § 21. We have held that the UPCCRA's three-year statute of limitations, the applicability of which the State asserts, does not violate the constitutional protection of habeas corpus. *Sykes v. State*, 757 So. 2d 997, 1000 (Miss. 2000) (citing **Cole v. State**, 608 So. 2d 1313, 1319 (Miss. 1992)). The time limitations of our UPCCRA do not "work an unconstitutional suspension of habeas corpus." *Cole*, 608 So. 2d at 1319. However, post-trial petitions that are in the nature of habeas corpus are considered under the UPCCRA. *Gaines v. State*, 736 So. 2d 433, 434 (Miss. Ct. App. 1999). Therefore, whether Edmond's claims are in the form of a writ of habeas corpus or an application for post-conviction relief, they are considered under an exception to the UPCCRA.

¶10. The State asserts that Edmond's claims are time-barred under § 99-39-5(2) of the UPCCRA. This section reads in relevant part:

> A motion for relief under this chapter shall be made within three (3) years....Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence . . .. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked....

Miss. Code Ann. § 99-39-5(2) (emphasis added).

¶11. The State argues, however, that this Court should hold contrary to the plain reading of the statute that Edmond's claims are time-barred. This argument fails because Edmond's claims fall squarely within the above exception to the three-year limitation, and his claims should be allowed. In addition, we stated in **Alexander v. State**, 667 So. 2d at 6, based on similar facts, that "because Alexander sought to challenge the revocation of his parole, his cause of action indeed fit squarely within the exception of § 99-39-5(2). The motion and relief requested by Alexander was incorrectly deemed time-barred by the lower court." *Id.* at 6. We have also held that where a statute is plain and unambiguous, it should be accorded its plain meaning. *Sykes v. State*, 757 So. 2d at 1000.

¶12. The UPCCRA is unambiguous as it relates to parole revocations. Indeed, it could not be more clear: it excepts claims of unlawful parole revocation from its three-year limitations period. Pursuant to the clear language of § 99-39-5(2), *Alexander*, and **Fortson v. Hargett,** 662 So.2d 633, 635 (Miss. 1995), Edmond's claims are exempt from the limitations period set forth in the UPCCRA.

¶13. The doctrine of laches may be applicable, however, in order to invoke laches as a bar, the State must show that it has been prejudiced by the passage of time. That may indeed be possible here, but, if it is, it should be shown by an evidentiary hearing in the trial court.

### II. WHETHER APPELLANT, HAVING VOLUNTARILY ADMITTED THAT HE "ENTERED INTO AN UNKNOWN HOUSE," WAS DENIED DUE PROCESS IN THE

**REVOCATION OF HIS PAROLE.**

¶14. Edmond claims that pursuant to *Morrissey v. Brewer*, 408 U.S. at 488-89 and Miss. Code. Ann. § 47-7-27 (Supp. 2000), the MDOC failed to provide him with required due process rights before and during his parole revocation. He claims that even though he voluntarily admitted that he "entered into an unknown house" to the Sheriff of Bolivar County, his situation is no exception to the dictates of due process. *Morrissey* clearly requires a "preliminary hearing" to find probable cause for revocation, and a "final revocation hearing" before revocation. The *Morrissey* Court also set forth the minimum due process requirements of a parole revocation as the following: (1) written notice of the alleged parole violation; (2) disclosure of the evidence against the parolee; (3) an opportunity to be heard personally and to present evidence; (4) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (5) a hearing before a neutral and detached body, which are not required to be judicial officers or lawyers; and (6) a written statement by the factfinders describing the evidence reviewed and the reasons for revoking parole. *Id. See also* **Riely v. State**, 562 So. 2d 1206, 1210-11 (Miss. 1990).

¶15. Edmond's petition was dismissed by the circuit court without an evidentiary hearing on the basis that "[by] his own admissions and statements in the pleadings, [Edmond] did violate the terms of his parole." The judge also held that the court had "no proof before it" that Edmond's parole was unlawfully revoked. We have held in **Dillon v. State**, 641 So.2d 1223, 1225 (Miss. 1994), that the proper course of action in cases in which an argument cannot be justified is to remand to the lower court for augmentation of the record, or an evidentiary hearing. *See also* **Grayson v. State**, 648 So.2d 1129, 1134 (Miss. 1994) (citing **State v. Esprinal**, 488 So. 2d 228, 229 (La. Ct. App. 1986)).

¶16. There is no question in the instant case that Edmond, of his own accord, went to the sheriff's office with both his chaplain and minister and admitted he "entered into an unknown house" which, according to his own pleadings (1) prompted a three-day investigation by the Sheriff's Office of Bolivar County; (2) warranted an arrest and six days in jail on an alleged "malicious trespass" charge, and an appearance before a Justice of the Peace who sentenced him to time served; and (3) ultimately led to the revocation of his parole *during* a parole revocation proceeding before the Parole Board.

¶17. There is some question, however, as to whether Edmond admitted a bona fide "parole violation," and whether he was ever convicted of "malicious trespass." If no one filed a charge against Edmond and he was never convicted for the crime, then upon what is the revocation based? The record is completely devoid of any information that would substantiate the existence of a malicious trespass complaint filed or conviction received. Moreover, the only indication in the record of suspect activity is Edmond's claim that he "entered into an unknown house." The record does not indicate for what purpose he entered the house.

¶18. Indeed, the terms and conditions of parole can be violated by all manner of activities. *Morrissey*, 408 U.S. at 490. The problem in the instant case is that the terms and conditions of parole are not in the record. The problem in general is confirming what actually happened in 1982, and what procedures were actually followed for revocation. A just decision cannot be made on the merits of Edmond's claims based on the record before this Court.

¶19. Likewise, the State has not submitted anything in the record that would disprove or discount Edmond's claims. There are no affidavits from witnesses regarding the 1982 revocation aside from those in favor of Edmond, no affidavits or records from the Parole Board or Edmond's Parole Officer regarding the same,

nor the Bolivar County Sheriff's Office or Cleveland Police Department regarding the malicious trespass charge or jail time. Finally, the record is devoid of any information regarding the terms and conditions of Edmond's parole.

¶20. The record provided to the Court is insufficient to determine whether Edmond was denied proper revocation procedure in this case. Therefore, the judgment of the circuit court is reversed, and this case is remanded to the circuit court for an evidentiary hearing to determine whether Edmond received proper revocation procedure in this case.

## CONCLUSION

¶21. For these reasons, the judgment of the Greene County Circuit Court is reversed, and this case is remanded to the circuit court for an evidentiary hearing to determine whether laches should apply, to determine the terms and conditions of Edmond's parole revocation, and whether Edmond received his due process rights and a proper revocation procedure before his parole was revoked.

¶22. **REVERSED AND REMANDED.**

> **PITTMAN, C.J., BANKS, P.J., WALLER AND DIAZ, JJ., CONCUR. SMITH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MILLS, COBB AND EASLEY, JJ.**

> **SMITH, JUSTICE, DISSENTING:**

¶23. In my view, the majority errs in concluding that Albert Edmond's claim is not time-barred under the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA), Miss. Code Ann. §§ 93-39-1 to -29 (2000). Miss. Code Ann. § 99-39-5(2) should be understood to provide that the three-year limitation period begins to run at the time revocation is final. If the statute is understood in this context, then Edmond's petition seeking post-conviction relief would be deemed time-barred. Therefore, I respectfully dissent.

¶24. Section 99-39-5(2) reads in pertinent part:

> A motion for relief under this chapter shall be made ***within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the <u>judgment of conviction</u> or sentence has expired, or in case of a guilty plea , within three (3) years after the entry of the judgment of conviction.*** Excepted from this three year statute of limitations are those cases in which the prisoner can demonstrate that there has been an intervening decision of the Supreme Court of either the state of Mississippi or the United States which would have actually affected the outcome of his conviction or sentence. . . ***Likewise excepted are those cases in which the prisoner claims that his sentences has expired or his probation, parole or conditional release has been unlawfully revoked.*** Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.

Miss. Code Ann. § 99-39-5(2)(2000) (emphasis added). The majority is incorrect in stating that the UPCCRA clearly excepts parole revocation claims from its three-year limitation period. Indeed, the statute can be just as easily understood to provide that the three-year limitation period begins running at the time revocation is final.

¶25. It appears that the Legislature's clear intent when writing Section 99-39-5(2) was to except those prisoners claiming unlawful parole revocation from filing their petitions within three years of the judgment of conviction or affirmance of the judgment. Such reasoning is common sense and logical. To hold, as the majority does, that in effect the revocations have no period of limitations while challenges to the convictions themselves do is irrational. To say that prisoners have only three years to challenge their convictions but no time limitation to challenge parole revocations is clearly contrary to the legislative intent. No possible purpose or reason would be served by permitting violators of parole or probation an unlimited time in which to challenge their revocation, yet restrict challenges to convictions to the legislatively set period of three years.

¶26. Moreover, as the majority accurately points out, the Mississippi Legislature amended the UPCCRA to include yet another exception in Section 99-39-5(2). The amendment states, "filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction" are excepted from the three-year limitation period. With this amendment, the Legislature indicated the type case excepted from the three-year statute of limitations and clearly indicates the applicable statute of limitation. Since the Legislature was precise in its wording with that exception, it only makes sense that had the Legislature intended an unlimited time in which to challenge parole or probation revocation, the Legislature would have clearly and specifically indicate within the language of Section 99-39-5(2).

¶27. I submit that the proper understanding of Miss. Code Ann. § 99-39-5(2) is that the three-year period of limitation applicable to actions seeking post-conviction relief with respect to revocations of parole or probation begin running at the time of revocation. Consequently, Edmond's petition seeking post-conviction relief is time-barred as the three-year period has run. Therefore, I respectfully dissent.

**MILLS, COBB AND EASLEY, JJ., JOIN THIS OPINION.**

1. There was no documentation included in the record to this Court to explain in full the proceedings surrounding Edmond's conviction of forcible rape in Hinds County. There is also no documentation of Edmond's revocation proceedings, or lack thereof, except for affidavits in his behalf. The State admits that it relies on the facts as presented by Edmond in his brief.