# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00630-COA

**ROBERT WILLIAMS A/K/A ROBERT KORTEZ WILLIAMS**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/07/2017 |
| TRIAL JUDGE: | HON. LISA P. DODSON |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | ROBERT WILLIAMS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: KATY TAYLOR GERBER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 05/22/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND TINDELL, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.     On February 28, 2011, Robert Williams pleaded guilty to possession of a controlled substance with intent to distribute (Cause No. B2401-2011-00123), receiving stolen property (Cause No. B2401-2010-00394), and malicious mischief (Cause No. B2402-2010-00612). The Harrison County Circuit Court, First Judicial District, sentenced Williams to twenty-five years—ten years for the charge of receiving stolen property, ten years for the possession charge, and five years for the malicious-mischief charge—with the sentences to run consecutively in the custody of the Mississippi Department of Corrections (MDOC). The court's sentencing order specified that if Williams completed the Regimented Inmate

Discipline program and a long-term drug and alcohol program, he would be brought back before the court for reconsideration of his sentences. Williams completed the programs, and on February 13, 2012, the circuit court suspended the remainder of his sentences for a period of three years and placed him on supervised probation.

¶2. On January 31, 2013, MDOC field officer Troy Carpenter filed a petition for revocation, alleging Williams had violated several conditions of his probation. On March 26, 2013, the circuit court held a revocation hearing. MDOC field officer Michael Griffith testified that he and Carpenter had conducted a home visit on Williams and discovered marijuana plants, drug paraphernalia, and alcohol.[1] Additionally, another person present at the home was a convicted felon, and Williams had failed to pay his court costs and fines. Williams acknowledged that he smoked marijuana while on probation and had three positive drug screens. Finding Williams in violation of the terms and conditions of his probation, the circuit court reinstated his sentences. The circuit court ordered Williams to participate in a Therapeutic Drug and Alcohol Rehabilitation Program (TDARP) and, upon completion of the program, to present himself before the court for a possible reconsideration of his sentences.

¶3. While in custody, the MDOC issued Williams a Rules Violation Report on February 11, 2014, alleging he was found to be in possession of contraband (a mobile phone, spice, and cigarettes). At a hearing held on March 24, 2014, the circuit court determined that Williams had failed to complete the TDARP and reinstated his sentences, with credit for time

---

[1] It was noted that Williams was not the lessee of the apartment, and he was not charged with possession.

served.

¶4.    On April 8, 2014, Williams filed a motion for reconsideration, noting that he was a first-time offender and that his failure to complete the TDARP was due to his transfer to different MDOC facilities and being forced to restart the program each time. Finding that a motion seeking to reconsider a sentence "must be filed within ten (10) days or before the end of the term of court," the circuit court denied Williams's motion for lack of jurisdiction as it was not filed within the required ten-day period.[2]

¶5.    Williams filed a motion for post-conviction relief (PCR) on July 6, 2015, citing the discovery of new evidence. He attached a second-step-response form from the MDOC's Administrative Remedy Program (ARP), dated April 3, 2014, denying Williams's request for credit for the drug and alcohol program at the Alcorn County Correctional Facility because he did not complete the program. The circuit court addressed his motion as both a motion for reconsideration and a PCR motion. With regard to the reconsideration of his sentence, the circuit court again denied the motion for lack of jurisdiction. Alternatively, the court determined none of the allegations presented in Williams's motion provided any exceptions to procedural bars "within the provisions of the post[-]conviction[-]collateral[-]relief statutes." *See* Miss. Code Ann. § 99-39-5(1) (Rev. 2015). Because Williams had attached the ARP form to his motion, the court also dismissed the motion as untimely "insofar as it [sought] judicial review of the ARP decision." *See* Miss. Code Ann. § 47-5-807 (Rev. 2015).

¶6.    On October 24, 2016, Williams filed a second PCR motion. He claimed his probation

_____

[2] The court acknowledged that Williams mailed the motion on April 5, but still denied the motion because the ten-day deadline was April 3.

3

was unlawfully revoked, his sentence was unlawful, and he was denied due process. On June 8, 2017, the circuit court found Williams's PCR motion was procedurally barred as a successive writ under Mississippi Code Annotated section 99-39-23(6) (Rev. 2015). The circuit court further found Williams's claims that his due-process rights were violated, and his probation was unlawfully revoked, were without merit and provided no exception to the procedural bar.[3] The circuit judge also noted that Williams failed to raise these issues in his first PCR motion. Aggrieved, Williams appeals.

¶7. Finding no error, we affirm the circuit court's dismissal.

## STANDARD OF REVIEW

¶8. Absent a finding that the circuit court's decision was "clearly erroneous," we will not reverse a court's dismissal of a PCR motion. *Stokes v. State*, 199 So. 3d 745, 748 (¶7) (Miss. Ct. App. 2016) (citing *Wilson v. State*, 76 So. 3d 733, 735 (¶9) (Miss. Ct. App. 2011)). Issues of law, however, are reviewed de novo. *Id*. Mississippi Code Annotated section 99-39-11(2) (Rev. 2015) states: "If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the petitioner to be notified."

## DISCUSSION

¶9. The issue is whether the circuit court erred in dismissing Williams's PCR motion as

---

[3] The circuit court also found Williams's petition "improperly filed" because he failed to file separate petitions for each conviction and sentence. Shortly after the court's ruling, the Mississippi Supreme Court, in *Ashwell v. State*, 226 So. 3d 69, 72 (¶9) (Miss. 2017), determined that this statutory requirement under Mississippi Code Annotated section 99-39-9(2) was unconstitutional. However, this basis for dismissal is not dispositive to determination of this matter on appeal.

4

a successive writ. Section 99-39-23(6) provides that when a prisoner has already filed a PCR motion, a second or a successive PCR motion is barred as a successive writ.

> [E]xcepted from this prohibition are those cases in which the petitioner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.

Miss. Code Ann. § 99-39-23(6). Errors affecting fundamental constitutional rights provide another exception to a procedural bar under the post-conviction-relief statutes. *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010). However, "merely asserting a constitutional-right violation is insufficient to overcome the procedural bars. There must at least appear to be some basis for the truth of the claim before the procedural bar will be waived." *Fluker v. State*, 170 So. 3d 471, 475 (¶11) (Miss. 2015) (citations and internal quotation marks omitted). Williams contends that the trial court erred in revoking his probation, his due-process rights were violated, and he was subjected to an unlawful sentence. Upon review, we agree with the circuit court's finding that Williams failed to offer any meritorious reasons why the successive-writ bar should not apply.

¶10. Williams argues that his due-process rights were violated and the revocation of his probation was "unlawful" because Carpenter, the field officer who signed the revocation petition, was not present at the hearing. However, Griffith, the other field officer present at the home visit, testified at the hearing, as did field officer Malika Rushing, who had

supervised Williams on probation. Rushing stated that Williams failed to report to her in November 2012, and a month later, Williams contacted her with his new address. She alerted Carpenter and Griffith, which resulted in the home visit. Williams had the opportunity to question both Griffith and Rushing at the revocation hearing—he declined. He also has not indicated what additional information Carpenter may have provided. Williams merely refers to some alleged "personal issues" between himself and Carpenter, but does not identify what those issues are or what prejudicial effect Carpenter's absence had on his revocation. Therefore, we find no error in the circuit court's finding that there was nothing "unlawful" about Carpenter's absence. Nor was there any due-process violation.

¶11. Williams also asserts that the circuit court failed to follow proper revocation procedures. The minimum due-process requirements for a revocation of parole or probation are as follows:

> (1) written notice of the alleged parole violation; (2) disclosure of the evidence against the parolee; (3) an opportunity to be heard personally and to present evidence; (4) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (5) a hearing before a neutral and detached body, which are not required to be judicial officers or lawyers; and (6) a written statement by the factfinders describing the evidence reviewed and the reasons for revoking parole.

*Edmond v. Miss. Dep't of Corr.*, 783 So. 2d 675, 679 (¶14) (Miss. 2001) (citing *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). Williams claims there was no disclosure of the evidence against him, he was denied the right to confront and examine witnesses, there was no hearing before a "natural and detached body," and there was no written statement by the factfinder of the evidence relied on and the reason for the revocation.

6

¶12. In *Edmond*, the supreme court reversed the circuit court's denial of a petitioner's PCR motion without an evidentiary hearing, finding the record "completely devoid of any information" as to the terms and conditions of Edmond's parole and whether there was an actual violation. *Id*. at 679 (¶17). In the present case, however, the terms and conditions of Williams's probation were contained in the record, and the petition for revocation provided Williams with the specific probation violations he was alleged to have committed.

¶13. When the circuit judge asked Williams if he wanted to question the witnesses, he replied, "No ma'am." Therefore, Williams was not only given the opportunity to question the field officer who was present at the home visit, he had the opportunity to question Rushing, the field officer who had been supervising him in the previous months. Additionally, we find nothing to indicate that the hearing body was not neutral or detached.

¶14. With regard to his claim the circuit court failed to provide a written statement as to the evidence relied on and reasons for the revocation, "a court's failure to make written findings for revoking probation does not deny a probationer due process where the court's oral opinion is contained in the record and indicates the evidence relied upon, as well as the reasons for revocation." *Grayson v. State*, 648 So. 2d 1129, 1134 (Miss. 1994). The transcript of the hearing indicates the circuit judge thoroughly considered the evidence presented, and Williams admitted to testing positive for marijuana use. Williams also admitted to the judge that he associated with a known, convicted felon. Because the circuit court's findings and reasons for revocation were memorialized in the hearing transcript, we find no merit to this claim.

¶15. Finally, as to Williams's assertion his sentence was unlawful, the supreme court has held that "[a] sentence is not illegal unless it exceeds the maximum *statutory* penalty for the crime." *Foster v. State*, 148 So. 3d 1012, 1016 (¶12) (Miss. 2014) (quoting *Grayer v. State*, 120 So. 3d 964, 969 (¶16) (Miss. 2013)). Williams only argues that he should not have been given the maximum sentence for his crimes as he was a first-time offender. He does not claim his sentences exceed the maximum statutory penalty. As his sentences were each within the range permitted by the statutes, we find his claim without merit.

¶16. Accordingly, we find no error in the circuit court's findings, and we affirm the dismissal of Williams's PCR motion.

¶17. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**