923 So.2d 237 (2006)
Rodney JOHNSON, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-01150-COA.
Court of Appeals of Mississippi.
March 7, 2006.
Rodney Johnson, Appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before LEE, P.J., IRVING and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Rodney Johnson pled guilty to one count of aggravated assault before the Circuit Court of Clarke County. He was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections (MDOC). Johnson's pro se motion for post-conviction relief was denied by the circuit court. Aggrieved by the trial court's decision, Johnson appealed. Finding no error, we affirm.

FACTS
¶ 2. On August 26, 1998, Johnson was indicted for two counts of armed robbery and two counts of aggravated assault. The trial date was originally set for November 4, 1998, but was later moved to February 25, 1999.
¶ 3. On February 24, 1999, Johnson filed a petition to enter a plea of guilty in the Clarke County Circuit Court. The petition stated that Johnson was to enter a plea in the "blind" to the offense of aggravated assault in Count II of the indictment, that the State would nolle prosequi the other counts of the indictment, and that the court would impose a sentence upon him. A guilty plea hearing was also held on February 24, and Johnson pled guilty to the offense of aggravated assault *238 in Count II of the indictment. During the hearing, the court asked Johnson if he understood his plea agreement with the district attorney to plead guilty to one of the aggravated assault charges in exchange for the district attorney's dismissal of the three remaining felony charges. Johnson answered that he understood the agreement. Upon the court's inquiry, Johnson also stated that no one had forced him to plead guilty, and that he was satisfied with his attorney and with the representation that he had received. The court further asked Johnson whether he understood that "when they dismiss [the] other charges, as part of your plea bargain offer, then the maximum possible punishment that you are looking at now is 20 years[?]" Johnson answered that he understood.
¶ 4. The court found Johnson guilty of aggravated assault and set a sentencing hearing date for April 27, 1999. During the sentencing hearing, the victim, Dewayne Strickland, testified that on April 8, 1998, Johnson carried him to the woods and shot him in the head. Strickland further testified that he had to undergo brain surgery as a result of his injuries. In determining the appropriate sentence for Johnson, the court considered Strickland's testimony, an outstanding warrant for a parole violation in Louisiana, and the seriousness of the offense. Consequently, the court sentenced Johnson to serve twenty years in the custody of the MDOC, and to pay restitution in the amount of $200, and court costs in the amount of $245.50.
¶ 5. On November 21, 2003, Johnson filed a motion for post-conviction relief in the Circuit Court of Clarke County. Johnson asserted that he received ineffective assistance of counsel and that his attorney coerced him to plead guilty. The court considered the motion without an evidentiary hearing and determined that Johnson's motion was time-barred, without merit, and frivolous. Consequently, the court dismissed Johnson's motion.
¶ 6. Aggrieved by the judgment against him, Johnson appealed. He asserts the following issues for this Court's review: (1) whether the trial court erred in summarily denying Johnson's post-conviction relief motion without holding an evidentiary hearing, and (2) whether Johnson received ineffective assistance of counsel.

STANDARD OF REVIEW
¶ 7. When reviewing the denial of a motion for post-conviction relief, we will not disturb the trial court's factual findings unless they are found to be clearly erroneous. Pace v. State, 770 So.2d 1052, 1053(¶ 4) (Miss.Ct.App.2000). However, where questions of law are raised, the applicable standard of review is de novo. Id.

ISSUES AND ANALYSIS

I. Whether the trial court erred in summarily denying Johnson's post-conviction relief motion without holding an evidentiary hearing.

II. Whether Johnson received ineffective assistance of counsel.
¶ 8. Pursuant to Mississippi Code Annotated § 99-39-5(2) (Supp.2005), a motion for post-conviction relief must be filed within three years following the entry of the judgment of conviction. Johnson entered his guilty plea on February 24, 1999, but he did not file his motion for post-conviction relief until November 21, 2003. Thus, the circuit court found that Johnson's appeal was procedurally barred due to his failure to file his motion for post-conviction relief within the statutory three-year period.
*239 ¶ 9. Johnson argues that his motion for post-conviction relief is not subject to the three-year statute of limitations because he received ineffective assistance of counsel and his guilty plea was involuntary. He asserts that his attorney "was deficient... by misleading and inducing him to plead guilty." This argument is without merit. The Mississippi Supreme Court has held that the three-year statute of limitations applies to post-conviction relief claims based on ineffective assistance of counsel and involuntariness of guilty pleas. Kirk v. State, 798 So.2d 345, 346(¶ 6) (Miss.2000). Therefore, we find that the circuit court did not err in dismissing Johnson's motion for post-conviction relief. His claims for post-conviction relief are clearly time-barred.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF CLARKE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLARKE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS AND BARNES, JJ. CONCUR. ROBERTS, J., NOT PARTICIPATING.