¶ 1. On February 1, 1999, William Davis pled guilty in the Oktibbeha County Circuit Court to Count I the sale of cocaine in exchange for the dismissal of Counts II through VIII. The court sentenced him, on April 22, 1999, to twenty-five years in the custody of the Mississippi Department of Corrections with five years of post-release supervision. Davis filed an amended motion for post-conviction relief on January 25, 2006, which the trial court found to be time-barred. Aggrieved, Davis appeals. Finding no error, we affirm.
 FACTS ¶ 2. Willie Davis was indicted by the grand jury of Oktibbeha County for eight counts of sale of cocaine. On April 22, 1999, Davis pled guilty to Count I of sale of cocaine, and Counts II through VIII were passed to the files. Davis was sentenced, according to a plea agreement, to twenty-five years in the custody of the Mississippi Department of Corrections with five years of post-release supervision.
 ¶ 3. On January 25, 2006, Davis filed an amended motion for post-conviction relief. The trial court denied Davis's motion as being time barred by the statute of limitations that requires a motion for post-conviction relief be filed within three years of entry of a guilty plea. The order denying the motion also stated that the motion met none of the exceptions that would allow it to be heard outside of that time period. Davis asserts the following issues on appeal:
 I. Davis's attorney coerced him into pleading guilty; therefore, his plea was involuntary.
 II. Davis received ineffective assistance of counsel.
 III. The indictment was defective and improper.
 IV. There was misconduct on the part of the state officials.
 STANDARD OF REVIEW ¶ 4. We will not reverse the denial of a motion for post-conviction relief by a *Page 254 
trial court absent a finding that the trial court's ruling was clearly erroneous. Kirksey v. State, 728 So.2d 565,567 (¶ 8) (Miss. 1999).
 ISSUES AND ANALYSIS ¶ 5. Section 99-39-5(2) of Mississippi Code Annotated (Rev. 2000) provides that a prisoner has three years following entry of judgment on a guilty plea to file a motion for post-conviction relief. Excepted from the three-year statute of limitations are situations in which the prisoner can show an intervening decision of the Supreme Court of Mississippi or of the United States that adversely affects his conviction or sentence or when the prisoner has new evidence that was not reasonably discoverable at trial and that would have caused a different outcome at the trial. Miss. Code Ann. § 99-39-5(2).
 ¶ 6. A motion for post-conviction relief must be filed within three years following the entry of judgment of conviction. Johnson v. State, 923 So.2d 237, 238 (¶ 8) (Miss.Ct.App. 2006). Failure to file within the three-year statute of limitations procedurally bars appeal of the dismissal of the motion. Id. The statute of limitations may be waived when a fundamental constitutional right is implicated.McGleachie v. State, 840 So.2d 108, 110 (¶ 12) (Miss.Ct.App. 2002) (citing Sneed v. State,722 So.2d 1255, 1257 (¶ 11) (Miss. 1998)). "Errors affecting fundamental rights may be excepted from procedural bars which would otherwise prohibit their consideration." Luckett v.State, 582 So.2d 428, 430 (Miss. 1991) (citing Smith v.State, 477 So.2d 191, 195-96 (Miss. 1985)). Merely raising a claim, however, is insufficient to surmount the procedural bar.Bevill v. State, 669 So.2d 14, 17 (Miss. 1996). Lastly, the three-year statute of limitations applies to post-conviction relief claims based on a defective indictment, ineffective assistance of counsel, and the involuntariness of a guilty plea.Luckett, 582 So.2d at 429-30.
 ¶ 7. The issues presented by Davis in this motion for post-conviction relief are procedurally barred because he waited too long to file his motion. Since Davis pled guilty and was sentenced in April 1999, the three year statute of limitations means he had until April 2002 to file his motion. Instead, Davis filed his motion in January 2006, more than six years after he entered a guilty plea and was sentenced. Furthermore, the trial court found that none of the exceptions to the statute of limitations were applicable. We find that the trial court properly denied Davis's motion for post-conviction relief as time-barred.
 ¶ 8. THE JUDGMENT OF THE OKTIBBEHA COUNTY CIRCUITCOURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OFTHIS APPEAL ARE ASSESSED TO OKTIBBEHA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.