CHANDLER, J.,
for the Court.
¶ 1. John Roland Myles, Jr., was charged with house burglary. He filed a petition to plead guilty to the lesser-included offense of grand larceny. On December 4, 2006, the Circuit Court of Rankin County accepted Myles’s guilty plea and sentenced him to ten years in the custody of the Mississippi Department of Corrections and to pay restitution, court costs, fees, and assessments. This sentence was in accordance with the State’s sentencing recommendation.
¶ 2. Myles timely filed a motion for post-conviction relief (PCR), arguing that his guilty plea was involuntary and that he received ineffective assistance of counsel. After reviewing the record, the circuit court determined that Myles’s guilty plea was freely, voluntarily, and intelligently made and that he had not met the burden of proof required to demonstrate ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In this appeal, Myles argues that the circuit court erred by denying his PCR motion. Finding no error, we affirm.
STANDARD OF REVIEW
¶ 3. “When reviewing a lower court’s decision to deny a petition for post[-]conviction relief[,] this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised[,] the applicable standard of review is de novo.” Lambert v. State, 941 So.2d 804, 807(¶ 14) (Miss.2006) (quoting Brown v. State, 731 So.2d 595, 598(¶6) (Miss.1999)).
LAW AND ANALYSIS
I. THE VOLUNTARINESS OF MYLES’S GUILTY PLEA.
¶ 4. Myles claims that his guilty plea was involuntary. A guilty plea must be knowingly and voluntarily entered, or the plea is in violation of due process. Boykin v. Alabama, 395 U.S. 238, 243 n. 5, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). “Ignorance, incomprehension, coercion, terror or other inducements, both subtle and blatant, threaten the constitutionality of a guilty plea.” Hannah v. State, 943 So.2d 20, 25(¶ 12) (Miss.2006) (citing Boykin, 395 U.S. at 242-43, 89 S.Ct. 1709). It is requisite to a voluntary guilty plea that the defendant is advised of the charges against him and the consequences of the plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). “Specifically, the defendant must be told that a guilty plea involves a waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self-incrimination.” Id. (citing Boykin, 395 U.S. at 243 n. 5, 89 S.Ct. 1709). Additionally, the court must address the defendant personally to inquire and determine that the defendant is competent to understand the nature of the charge, and that the defendant understands the maximum and minimum sentences for the crime. URCCC 8.04(A)(4).
¶ 5. An involuntary guilty plea is not binding upon the defendant. Alexander, 605 So.2d at 1172. However, in a collateral attack on a guilty plea, the petitioner bears the burden of proof that the plea was not knowingly, voluntarily, and intelligently given. Hannah, 943 So.2d at 25(¶ 11). A guilty plea is voluntary despite erroneous advice given by counsel if the defendant’s misconception is corrected by the court during the plea colloquy. Loden v. State, 971 So.2d 548, 573(¶60) (Miss. *439 2007) (quoting Harris v. State, 806 So.2d 1127, 1130(¶ 9) (Miss.2002)).
¶ 6. The transcript of Myles’s plea hearing indicates that Myles was fully informed of the nature of the charge against him and the consequences of the guilty plea. The circuit court informed Myles of the constitutional rights waived by a guilty plea, and Myles stated that he understood. The circuit court communicated the maximum and minimum sentences for grand larceny and asked Myles if he understood; Myles responded, ‘Tes, sir.” After the State recommended the ten-year sentence, the court asked Myles if he understood that the State was recommending that the court impose the maximum sentence for grand larceny. Myles responded, “Yes, sir.” Then, the court asked Myles if his guilty plea was freely and voluntarily made; Myles again responded affirmatively. Myles denied that anyone was making him enter the guilty plea, and he stated that it was made of his own free will. When asked, “Who made the decision to enter this plea of guilty,” Myles responded, “Me.” Myles also denied that anyone had tricked him or promised him anything in exchange for the guilty plea. Finally,' the court offered Myles an opportunity to withdraw his petition to plead guilty and to go to trial. Myles stated that he did not wish to withdraw the petition. Accordingly, the circuit court accepted the guilty plea and sentenced Myles to ten years.
¶ 7. In his PCR motion, Myles made two arguments in support of his claim that his guilty plea was involuntary. First, Myles contended that he suffered from mental problems and had not taken his psychiatric medication on the day of the plea hearing, rendering him incompetent to plead guilty. He complained that the circuit court failed to discover his incompetency because the court did not ask him whether he was under the influence of any medication or drugs. •
¶ 8. Under Uniform Rule of Circuit and County Court 8.04(A)(4), the circuit court must “inquire and determine” that the defendant is competent to understand the nature of the charge. As discussed above, the circuit court questioned Myles extensively about his understanding of the nature of the grand larceny charge and the consequences of entering a guilty plea. The circuit court had the opportunity to observe Myles’s demeanor. Myles never raised the issue of his competence, and he points to nothing in the record indicating he was not competent to plead guilty. Nor has he included any medical records or other documentation supporting his allegation that he was incompetent. In fact, nothing in the record raises a question as to Myles’s competence. The circuit court was not clearly erroneous in rejecting Myles’s argument that he lacked the competence to plead guilty. See Smith v. State, 910 So.2d 635, 639-40 (¶¶ 25-26) (Miss.Ct.App.2005).
¶ 9. Second, Myles argued that his guilty plea was involuntary because it was made in reliance on his attorney’s representation that the State would recommend a sentence of five years. Myles averred that his attorney made this representation before the day of the plea hearing. Myles contended that at the plea hearing, he was surprised by the State’s recommendation of ten years because his attorney had never informed him that the State changed its recommendation from five years to ten years. Myles contended that his attorney had rushed him through his review of the guilty plea petition; .consequently, he signed the guilty plea petition without reading that the State was recommending ten years. Myles also stated that he asked his attorney at the plea hearing why the State was recommending ten years instead *440 of five; his attorney responded by instructing him on how to answer each of the court’s questions. Myles contends that his guilty plea was coerced by this advice from counsel.
¶ 10. The circuit court found from the guilty plea petition and plea hearing transcript that Myles’s guilty plea was voluntarily made. The circuit court may disregard the movant’s own assertions when they are substantially contradicted by the court record of the proceedings that culminated in the guilty plea. Wilson v. State, 760 So.2d 862, 864(¶ 5) (Miss.Ct.App.2000). Myles’s assertions were substantially contradicted by the plea hearing transcript in which Myles told the circuit court that he understood the State was recommending the maximum penalty of ten years in exchange for his guilty plea to the reduced charge of grand larceny. At that point, any misconception Myles may have harbored about the number of years the State was going to recommend was cured. And, after the State made the ten-year recommendation, the circuit court gave Myles the opportunity to withdraw his guilty plea petition; Myles’s failure to do so despite his knowledge of the ten-year recommendation is an indication that his guilty plea was knowingly, intelligently, and voluntarily made. The circuit court’s finding that Myles’s guilty plea was voluntary was not clearly, erroneous. This issue is without merit.
II. INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 11. Myles argued that his attorney’s misrepresentation about the State’s sentencing recommendation constituted ineffective assistance of counsel. The two-prong test from Strickland applies to ineffective assistance of counsel claims. Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985). Under the first prong, “the convicted defendant must show that counsel’s representation -fell below an objective standard of reasonableness”; under the second prong, “the defendant must show there is reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Hannah, 943 So.2d at 24(¶ 6). The defendant bears the burden of proof of ineffective assistance of counsel. Mohr v. State, 584 So.2d 426, 430 (Miss.1991). The claim must be made with specificity and detail. Robertson v. State, 669 So.2d 11, 13 (Miss.1996).
¶ 12. A defendant seeking to withdraw a guilty plea based upon ineffective assistance of counsel must show there is a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty, but he would have insisted on going to trial. Hannah, 943 So.2d at 24(¶ 7). A post-eonviction-relief petition must include “[a] specific statement of the facts which are not within the prisoner’s personal knowledge!,] ... how or by whom said facts will be proven!, and] [affidavits of the witnesses who will testify and copies of documents or records that will be offered .... ” Miss.Code Ann. § 99-39-9(l)(e) (Rev.2007). Myles attached no affidavits to his PCR motion supporting his claim that counsel advised him before the plea hearing that the State would recommend a five-year sentence. Even if Myles believed the State would recommend a five-year sentence, the State, at the plea hearing, actually recommended a ten-year sentence; the circuit court ascertained that Myles understood the ten-year recommendation; and the court gave Myles the opportunity to withdraw the guilty plea after the State made the ten-year recommendation. Therefore, Myles did not show a reasonable probability that, but for counsel’s erroneous advice, he would not have pleaded guilty, but would have insist *441 ed on going to trial. The circuit court’s rejection of Myles’s ineffective assistance of counsel claim was not clearly erroneous. This issue is without merit.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.