ISHEE, J.,
 

 for the Court:
 

 ¶ 1. On April 5, 2005, Rotheleo Dixon pleaded guilty to the crime of murder. He was sentenced to life in the custody of the Mississippi Department of Corrections. Dixon subsequently filed a pro se petition for sentence reduction with the Yazoo County Circuit Court; it was considered by the circuit court as a motion for post-conviction relief (PCR). Dixon’s PCR motion alleged that his guilty pleas had been involuntarily entered and that he had received ineffective assistance of counsel. After reviewing the motion and applicable records, the circuit court found that the PCR motion failed to comply with the statute of limitations set forth in Mississippi Code Annotated section 99-39-5(2) (Supp. 2010) and dismissed the motion. Aggrieved, Dixon now appeals.
 

 STANDARD OF REVIEW
 

 ¶ 2. Circuit courts may summarily dismiss a PCR motion “if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.”
 
 Robinson v. State,
 
 19 So.3d 140, 141-42 (¶ 6) (Miss.Ct.App.2009) (quoting Miss.Code Ann. § 99-39-11(2) (Rev.2007)).
 
 *1255
 
 This Court will not disturb a lower court’s dismissal of a PCR motion unless the court’s findings are clearly erroneous.
 
 Mann v. State,
 
 2 So.3d 743, 745 (¶ 5) (Miss.Ct.App.2009). However, when questions of law are raised, we employ a de novo standard of review.
 
 Id.
 

 DISCUSSION
 

 ¶ 3. Section 99-39-5(2) provides, in part, that a prisoner who has entered a guilty plea, has three years following entry of judgment on the guilty plea to file a PCR motion. Excepted from the three-year statute of limitations are situations in which the prisoner can show an intervening decision of the Supreme Court of Mississippi or of the United States that adversely affects his conviction or sentence, or when the prisoner has new evidence that was not reasonably discoverable at trial that would have caused a different outcome at the trial. Miss. Code Ann. § 99-39-5(2). Also, errors affecting fundamental constitutional rights are excepted from the procedural bars of the Uniform Post-Conviction Collateral Relief Act.
 
 Rowland v. State,
 
 42 So.3d 503, 507 (¶ 12) (Miss.2010).
 

 ¶ 4. A PCR motion must be filed within three years following the entry of judgment of conviction.
 
 Johnson v. State,
 
 923 So.2d 237, 238 (¶ 8) (Miss.Ct.App.2006). Failure to file within the period of the three-year statute of limitations procedurally bars the appeal of the dismissal of the motion.
 
 Id.
 

 ¶ 5. Dixon’s petition was filed on April 21, 2009, approximately four years after his conviction. Not only is Dixon’s appeal barred by the applicable statute of limitations, but he also has failed to reach his burden of showing that his motion was an exception provided by statute or involved a fundamental constitutional right. Although Dixon mentions in his brief that he was denied effective assistance, he has failed to plead this properly in his brief and, therefore, has failed to state any claim for which relief can be granted. Accordingly, this issue has no merit.
 

 ¶ 6. THE JUDGMENT OF THE YA-ZOO COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO YAZOO COUNTY.
 

 LEE AND MYERS, P.JJ., GRIFFIS AND MAXWELL, JJ., CONCUR. KING, C.J., IRVING, BARNES AND ROBERTS, JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., CONCURS IN RESULT ONLY WITH SEPARATE WRITTEN OPINION.
 

 CARLTON, J.,
 

 concurring in result only:
 

 ¶ 7. I concur with the majority’s decision to affirm the trial court’s dismissal of Dixon’s motion for post-conviction relief. I write separately, however, to comment as to the majority’s citation to
 
 Rowland v. State,
 
 42 So.3d 503 (Miss.2010) and a defendant’s ability to waive constitutional rights through a proper voluntary, intelligent, and knowing waiver. I also write to distinguish
 
 Rowland
 
 from the case at bar.
 

 ¶8. In the case at hand, Dixon filed a motion for a sentence reduction with the trial court, and the court treated this motion as a motion for post-conviction relief. In this motion, Dixon explained that the State had initially charged him with aggravated assault for setting his girlfriend on fire with a gasoline-type substance during an argument over cocaine. He also explained that the State later indicted him for murder because the victim died a month later from the burns sustained from the gasoline poured on her by Dixon. In his motion, Dixon requested that the trial court vacate his sentence or reduce his
 
 *1256
 
 sentence to a lesser charge. He asserts that he received ineffective assistance of counsel because his counsel failed to “put forth effort” to get him a reduced charge and failed to inform him of the lesser offense of murder — manslaughter. He complains of his sentence arguing that his actions were not premeditated, and he argues that this offense constituted his first offense.
 

 ¶ 9. Notably, Dixon failed to provide any specific statement of facts in his motion for a sentence reduction that were not within his own personal knowledge, and he failed to attach any affidavits or material evidence in support of his claim of ineffective assistance of counsel. Therefore, his claim differs from
 
 Rowland
 
 in that Dixon failed to meet the threshold showing of an alleged error of a fundamental constitutional right.
 

 ¶ 10. In the present case, the trial court found that Dixon entered a free and voluntary plea to the crime of murder and that Dixon’s motion failed to comply with the statute of limitations as set forth in Mississippi Code Annotated section 99-39-5(2) (Supp.2010). I concur with the ruling of the trial court and further note that Dixon also failed to comply with Mississippi Code Annotated section 99 — 39—5(1)(e) (Supp. 2010), which requires “[t]hat there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice” when he failed to provide any supporting evidence, other than his own assertions, in support of his claim of ineffective assistance of counsel. Hence, Dixon failed to raise a proper claim of any error to ineffective assistance of counsel, and the trial court correctly found Dixon’s motion barred by the statute of limitations. In contrast with
 
 Rowland,
 
 Robert Rowland’s convictions on their face established a sufficient basis to support a claim of a violation of double jeopardy, and the Mississippi Supreme Court remanded Rowland’s motion for post-conviction relief to the trial court for an evidentiary hearing to determine if any error had occurred.
 

 ¶ 11. In
 
 Rowland,
 

 [1]
 

 the supreme court held that “errors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act].”
 
 Id.
 
 at 507 (¶ 12). While this is true, it should also be noted that a defendant may indeed choose to waive constitutional rights through a proper waiver that is voluntarily, intelligently, and knowingly made.
 
 [2]
 
 Uniform Rule of County and Circuit Court 8.04 specifically identifies particular constitutional rights that the defendant must acknowledge and waive before a trial court may accept a plea of guilt. Rule 8.04(A) provides in pertinent part:
 

 1. A defendant may plead not guilty, or guilty, or with the permission of the court, nolo contendere.
 

 [[Image here]]
 

 4. When the defendant is arraigned and wishes to plead guilty to the offense charged, it is the duty of the trial court to address the defendant
 
 *1257
 
 personally and to inquire and determine:
 

 a. That the accused is competent to understand the nature of the charge;
 

 b. That the accused understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law;
 

 c. That the accused understands that by pleading guilty (s)he waives his/her constitutional rights of trial by jury, the right to confront and cross-examine adverse witnesses, and the right against self-incrimination; if the accused is not represented by an attorney, that (s)he is aware of his/her right to an attorney at every stage of the proceeding and that one will be appointed to represent him/her if (s)he is indigent.
 

 URCCC 8.04.
 
 See Bolton v. State,
 
 831 So.2d 1184, 1189 (¶¶ 19-22) (Miss.Ct.App.2002).
 

 ¶ 12. Consistent with Rule 8.04, in
 
 Myles,
 
 this Court recognized that a prerequisite for acceptance of a guilty plea in Mississippi is that a defendant must be told that a guilty plea involves a waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self-incrimination.
 
 Myles,
 
 988 So.2d at 488 (¶ 4). In addition, this Court acknowledged that a trial court may “disregard the movant’s own assertions when they are substantially contradicted by the court record of the proceedings that culminated in the guilty plea.”
 
 Id.
 
 at 440 (¶ 10). This Court further explained that “a post-conviction-relief petition must include ‘[a] specific statement of the facts which are not within the prisoner’s personal knowledge, how or by whom said facts will be proven, and affidavits of the witnesses who will testify and copies of documents or records that will be offered.’ ”
 
 Id.
 
 at (¶ 12) (citing Miss.Code Ann. § 99-39-9(l)(e) (Rev.2007)). In finding that John Myles failed to attach any affidavits to his motion for post-conviction relief to support his claims, this Court affirmed the trial court’s denial of his motion for post-conviction relief.
 
 Id.
 

 ¶ 13. Dixon, the defendant in the present case, like Myles, attached no affidavits or any other supporting evidence to his motion for post-conviction relief supporting his own assertions claiming that his guilty pleas were involuntarily entered and that he had received ineffective assistance of counsel. Hence, consistent with
 
 Myles
 
 and Mississippi Code Annotated section 99-39-5(l)(e), I affirm the trial court’s dismissal of Dixon’s motion for post-conviction relief as to his unsupported claims of ineffective assistance of counsel, and I concur with the court’s finding that Dixon failed to comply with the applicable statute of limitations.
 

 [1]
 

 . In
 
 Rowland,
 
 no evidence existed that Rowland provided a waiver, much less a knowing and voluntary waiver, of his constitutional right against double jeopardy and thereafter received an illegal sentence.
 
 See Rowland,
 
 42 So.3d at 504-06 (¶¶ 2-7).
 

 [2]
 

 . For example, defendants may knowingly and voluntarily waive their right to self-incrimination and the right to remain silent.
 
 See Jones v. State,
 
 948 So.2d 499, 504 (¶ 14) (Miss.Ct.App.2007);
 
 Barlow v. State,
 
 8 So.3d 196, 205 (¶ 23) (Miss.Ct.App.2008). Defendants may similarly waive their right to a jury trial.
 
 See Wade v. State,
 
 33 So.3d 498, 502 (¶ 13) (Miss.Ct.App.2009). A defendant may choose to waive their rights for various motives or reasons, including the hope of a reduced sentence.
 
 See Myles v. State,
 
 988 So.2d 436, 439 (¶ 9) (Miss.Ct.App.2008).