BARNES, J.,
concurring in part and dissenting in part:
¶ 46. I respectfully dissent in part from the majority opinion, as I find Sims’s restitution claim meritorious and properly before the Court. I concur in part that the remaining issues are proeedurally barred and/or without merit.
¶ 47. The trial court ordered Sims to pay restitution of $6,000 to Stevens and $4,000 to Broome. However, the charges relating to Stevens’s injuries were nol prossed, or dropped. In its April 2009 order, the trial court found imposing restitution for both individuals was within the court’s right “for the benefit of a person determined by the court of have been a victim of [Sims’s] criminal activities.”
¶ 48. Under Mississippi Code Annotated section 99-37-3(1) (Rev.2007), a court may order restitution to a victim “[w]hen a person is convicted of criminal activities which have resulted in pecuniary damages.” For purposes of this section, “criminal activities” are defined as “any offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant.” Miss.Code Ann. § 99-37-l(a) (Rev.2007). “Victim,” in turn, means “any person whom the court determines has suffered pecuniary damages as a result of the de *327 fendant’s criminal activities.” Miss.Code Ann. § 99-37-1(d) (Rev.2007).
¶ 49. Because the charges relating to Stevens’s injuries were dropped, Sims was not convicted of a criminal activity regarding Stevens, but only Broome. Therefore, it is my opinion that restitution would be improper for Stevens.
¶50. The State argues that the facts of the charged crime — the accident with Broome’s vehicle — encompassed the collision with Stevens’s vehicle. Once Sims sped away in his vehicle from Sergeant Hendricks at the AutoZone, the State contends, all of his conduct was part of the crime charged, which would include the collision with Stevens’s vehicle and Stevens’s injury. The State claims that Stevens’s injury occurred during the commission of the crime against Broome. Therefore, when Sims entered an Alford plea,[3] it could be construed as his admission that the State could prove the facts presented at the plea hearing. The State concludes that this “admission” of criminal conduct would thereby satisfy the definition of “criminal activities” in section 99-37-l(a).
¶ 51. I am not persuaded by this argument. The record reflects that Sims ran a red light and collided with motorist Broome, who was proceeding south through Old Sumrall Road through a green light. He continued to drive recklessly, striking a second motorist, Stevens, who was traveling north on Old Sumrall Road. Sims’s vehicle then struck a tree, injuring Robinson. The record indicates Broome’s and Stevens’s accidents were separate, and not a chain reaction whereby Broome was pushed into Stevens. I cannot say that an Alford plea regarding the accident with Broome constitutes an admission regarding the accident with Stevens. Further, I cannot accept the majority’s contention that it is “obvious that Sims had a plea agreement” where he would pay restitution to all of the victims. We are required to rely upon the record made in the trial court; we cannot presume matters not reflected therein.
¶ 52. Additionally, I find the restitution claim properly before the Court. In his PCR motion, Sims raised his restitution argument within his ineffective-assistance-of-counsel claim. Mississippi appellate courts have recognized that “[wjhere the petitioner asserts a ‘fundamental right,’ procedural bars will not prevent a court from hearing the petition.” Moss v. State, 45 So.3d 305, 306 (¶ 7) (Miss.Ct.App.2010) (citing Davis v. State, 958 So.2d 252, 254 (¶ 6) (Miss.Ct.App.2007)). As the majority acknowledges, just because the petitioner asserts a fundamental right does not necessarily overcome the procedural bar. Be-vill v. State, 669 So.2d 14, 17 (Miss.1996). However, Sims’s defense counsel failed to object to the order of restitution. “[F]ail-ure to object to an order of restitution during sentencing bars appeal on that point.” Green v. State, 631 So.2d 167, 176 (Miss.1994) (citing Shook v. State, 552 So.2d 841, 851 (Miss.1989)); see Powell v. State, 536 So.2d 13, 17 (Miss.1988). Because defense counsel’s failure to object waived the issue for direct appeal, I find it properly a matter to be raised in a motion for post-conviction relief.
LEE, C.J., AND ISHEE, J., JOIN THIS OPINION.

. North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).