GRIFFIS, P.J.,
for the Court:
¶ 1. Curtis Evans appeals the denial of his motion for post-conviction collateral relief (PCCR). Evans argues that he received ineffective assistance of counsel and that his guilty plea was involuntary. We find no error and affirm.
FACTS
¶ 2. Evans was indicted for attempted robbery under Mississippi Code Annotated section 97-1-7 (Rev.2006) and as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007), due to two prior felony convictions for armed robbery and burglary. At the time of the crime that is the subject of this appeal, Evans was under post-release supervision, with eight years having been suspended from his earlier sentence. The armed robbery charge resulted in the revocation of Evans’s post-release supervision, and his suspended sentence was reinstated. Evans was ordered to serve the remaining eight years of that sentence day-for-day.
¶ 3. On June 6, 2011, Evans entered a guilty plea. The circuit court sentenced Evans to a term of incarceration of six years, to be served day-for-day and to run consecutively to the eight-year sentence that Evans was then serving.
¶ 4. On May 4, 2012, Evans filed his PCCR motion. In his motion, Evans argued that his lawyer did not advise him of a speedy-trial right,[1] gave bad advice to plead guilty, did not let him read the plea petition, and did not know he was indicted as a habitual offender. Evans claimed that his right to due process was denied because the judge did not address him personally or inform him of what constitutional rights he waived by pleading guilty. Evans also alleged that he did not really sign or hear his rights or waiver of rights. *781 He stated he “has now learned” that the detective coerced him into signing those two forms. He stated that he was not able to obtain any other affidavits. Evans stated that his mother and sister told him that his lawyer said he had little chance of winning.
¶ 5. On June 4, 2012, the circuit court issued an order that denied Evans’s motion. Evans filed a timely notice of appeal.
STANDARD OF REVIEW
¶ 6. A circuit court’s denial of post-conviction collateral relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150 (¶3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court’s proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
ANALYSIS

1. Guilty Plea

¶7. Evans argues his guilty plea was involuntary and unintelligent. Evans claims that the judge did not inform him of the constitutional rights he would be waiving. Evans argues that the court reporter integrated lies into the transcript of the plea hearing and that the court reporter tampered with the tape so that it would match the transcript. Evans argues he was coerced by the police, but never states how or what police said to him or did to him. He also argues he was coerced to plead guilty because his family would disown him if he plead not guilty.
¶ 8. A guilty plea is enforceable only if entered voluntarily and intelligently. Myers v. State, 583 So.2d 174, 177 (Miss.1991). A plea is voluntary and intelligent when the defendant knows the nature of the charges against him and the consequences of a guilty plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). At the plea hearing, the circuit judge read aloud each element of Evans’s charge. Evans responded that he did in fact hit someone near the Seabee Base in Gulfport, Mississippi, in an attempt to steal the victim’s cash, but the victim hit Evans back.
¶ 9. Great weight may be placed on a defendant’s sworn testimony given at a plea hearing, because “[sjolemn declarations in open court carry a strong presumption of verity.” Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). A defendant faces a “high hurdle in recanting that testimony.” Pevey v. State, 914 So.2d 1287, 1290 (¶ 8) (Miss.Ct.App.2005).
¶ 10. The plea colloquy demonstrates that Evans’s guilty plea was voluntary and intelligent. Before Evans entered his plea, the circuit court explained that when a defendant enters a guilty plea, the defendant waives certain rights, challenges, and claims that otherwise may be available to him at a trial:
THE COURT: When you enter a plea of guilty you waive and give up some constitutional rights that all defendants who are charged with a felony have. They’re set out here in paragraph five of your plea petition that you tell me you’ve read, but I’m going to discuss the main ones with you to make sure you understand those.
You have the right to have your case tried by a jury of your peers. As you stand in front of me today, under the law you’re presumed to be innocent of these charges. The [Sjtate has the burden of proving the charge against you beyond a reasonable doubt. As a defendant you don’t have to prove anything. You can require that I impanel a jury to try your case, at which time your lawyers would have the right to confront *782 and cross-examine any witnesses called by the [S]tate to testify against you. You have the right against self[-]incrimination. That means you can be a witness in your own case if you want to, but you don’t have to get on the witness stand[,] and nobody can force you to be a witness in the case.
If the case is tried and a jury convicts you, you have the right to appeal that verdict to the Mississippi Supreme Court. If you enter a plea of guilty here today, you waive and give up all of those rights, together with the others set out in paragraph five of your plea petition. Do you understand that, ... Mr. Evans?
DEFENDANT EVANS: Yes, sir.
THE COURT: Did anybody put any pressure, coerce you, force you or threaten you in any way to get you to plead guilty? ... Mr. Evans?
DEFENDANT EVANS: No, sir.
¶ 11. Here, the only evidence offered by Evans to support the claim that his guilty plea was involuntary was his own unsupported assertions. Evans’s arguments completely ignore the testimony that he gave when he pled guilty. The record contradicts Evans’ assertions in his motion. There was no evidence of police coercion or that the court reporter tampered with the transcript and the tape of the plea hearing. Accordingly, we find that Evans’s guilty plea was entered voluntarily and intelligently. Therefore, we find this issue is without merit.

2. Ineffective Assistance of Counsel

¶ 12. Evans argues that his counsel was ineffective when she: (1) did not object to the judge’s failure to inform Evans of his constitutional rights; (2) gave wrongful advice to plead guilty when the evidence proved differently; (3) did not know he was indicted as a habitual offender; and (4) denied his right to read the plea petition. The record reveals that the judge thoroughly informed Evans of his constitutional rights.
¶ 13. To prove ineffective assistance of counsel, Evans must show that: (1) his counsel’s performance was deficient, and (2) this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with Evans to show both prongs. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Under Strickland, there is a strong presumption that counsel’s performance falls within the range of reasonable professional assistance. Strickland, 466 U.S. at 689, 104 S.Ct. 2052. To overcome this presumption, Evans must “show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. at 694.
¶ 14. In cases involving post-conviction collateral relief, “where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.” Vielee v. State, 653 So.2d 920, 922 (Miss.1995). As this case involves a guilty plea, Evans must show that, but for counsel’s performance, he would have gone to trial, and the outcome would have been different. See Mitchell v. State, 58 So.3d 59, 62 (¶ 15) (Miss.Ct.App.2011). Evans has made no such showing.
¶ 15. Evans offers only his statements that allege the deficiencies of his counsel. Such allegations directly contradict his statements made under oath. Evans testified that he had read the plea petition and had discussed it with his counsel. Evans testified that he was satisfied with his counsel’s representation. Evans testified that he understood that the indictment charged him as a habitual offender with a maximum sentence of fifteen years. *783 Evans testified that he knew any sentence he was given for the charge would have to be served day-for-day.
¶ 16. Further, Evans failed to show his counsel prejudiced the result in his case. Evans admitted that he tried to rob a man by hitting him first, but that the man hit him back and prevented him from completing the robbery. Evans has not proven an ineffective-assistance-of-counsel claim as to the advice he received to plead guilty. Therefore, these issues have no merit.

3. Other Due-Process Arguments

¶ 17. Evans argues that his due-process rights were violated because the judge did not address him personally. The circuit “court must address the defendant personally to inquire and determine that the defendant is competent to understand the nature of the charge, and that the defendant understands the maximum and minimum sentences for the crime.” Myles v. State, 988 So.2d 436, 438 (¶ 4) (Miss. Ct.App.2008) (citing URCCC 8.04(A)(4)).
¶ 18. The record reveals that the judge personally addressed Evans over twenty times at the plea hearing. The record reflects that Evans’s plea and those of three others were entered during the same proceeding. However, the circuit judge individually addressed Evans about his attempted-robbery charge. Although the circuit judge advised the defendants of their constitutional rights as a group, the circuit judge questioned each defendant individually as to his or her comprehension of these rights. The record reflects Evans’s individual responses. Therefore, Evans’s assertions that the judge did not address him personally are belied by the record. There is no merit to this argument.
¶ 19. Because we find that the issues Evans raises on appeal are without merit, this Court affirms the circuit court’s denial of Evans’s motion for post-conviction collateral relief.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. Evans has abandoned this argument on appeal.