## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01828-COA

**LEWIS JENKINS**                                                                        **APPELLANT**

v.

**STATE OF MISSISSIPPI**                                                                **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/03/2013 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LEWIS JENKINS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 02/24/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., BARNES AND ISHEE, JJ.

### ISHEE, J., FOR THE COURT:

¶1.     Lewis Jenkins was indicted for the crime of depraved-heart murder.  The charge was subsequently reduced, and on July 29, 2004, Jenkins pled guilty to manslaughter.  He was sentenced to twenty years – fifteen years to serve with five years suspended conditioned on post-release supervision – all in the custody of the Mississippi Department of Corrections (MDOC).  On August 19, 2013, Jenkins filed a motion that was treated as a motion for post-conviction relief (PCR) and dismissed as time-barred.  Aggrieved, Jenkins filed this appeal. Finding no error, we affirm.

### STATEMENT OF THE CASE

¶2. Jenkins confessed two times to killing Teressa Gillum and disposing of her body in a shallow grave. He was indicted for the crime of depraved-heart murder, but the charge was later reduced to manslaughter. On July 29, 2004, Jenkins entered a guilty plea in the Jones County Circuit Court. The trial judge sentenced Jenkins to twenty years, with fifteen years to serve and five years suspended for post-release supervision, all in the custody of MDOC. On August 19, 2013, Jenkins filed a "Petition for Order to Show Cause or in the Alternative Petition for Writ of Habeas Corpus." The trial court deemed his motion to be a PCR motion and found it had been filed outside of the three-year statute of limitations and failed to meet any of the exceptions that would allow it to be filed outside of that time frame. As such, the trial court ruled that Jenkins's PCR motion was time-barred.

¶3. In addition to being time-barred, this is actually Jenkins's second PCR motion. This Court previously affirmed the denial of Jenkins's first PCR motion in which Jenkins asserted the following errors: (1) involuntary plea, (2) involuntary confession and denial of a speedy trial, (3) newly discovered evidence, (4) constructive denial of counsel and ineffective assistance of counsel, (5) failure to grant an evidentiary hearing, and (6) cumulative error. *See Jenkins v. State*, 986 So. 2d 1031, 1034-36 (¶¶11-20) (Miss. Ct. App. 2008).

## STANDARD OF REVIEW

¶4. This Court will not reverse a trial court's dismissal of a PCR motion unless the trial court's decision was clearly erroneous. *Pace v. State*, 770 So. 2d 1052, 1053 (¶4) (Miss. Ct. App. 2000).

## DISCUSSION

¶5. Jenkins's motion was labeled as a motion for a writ of habeas corpus; however, the

2

Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA) "repealed post-conviction use of habeas corpus and implemented a motion framework specifically for post-conviction collateral review of challenges to convictions or sentences, as opposed to pre-conviction challenges." *Edmond v. Miss. Dep't of Corr.*, 783 So. 2d 675, 677 (¶8) (Miss. 2001) (citations omitted). The Mississippi Supreme Court has held that a post-trial motion seeking habeas corpus relief is to be evaluated under the UPCCRA. *Id*. Therefore, the circuit court properly treated Jenkins's motion as a PCR motion.

¶6     Under the UPCCRA, an order denying or dismissing a PCR motion is a bar to a successive PCR motion. Miss. Code Ann. § 99-39-23(6) (Supp. 2014). Because this Court denied Jenkins's first PCR motion in 2008, he is procedurally barred from filing this PCR motion as well as any future PCR motions.

¶7.     In addition to being barred as a successive writ, pursuant to Mississippi Code Annotated section 99-39-5(2) (Supp. 2014), motions for post- conviction relief must be filed within three years of the entry of the judgment of conviction. *Davis v. State*, 958 So. 2d 252, 254 (¶6) (Miss. Ct. App. 2007). Any motion not filed within that time period is procedurally barred. *Id*. While the three-year statute of limitations may be waived when a fundamental constitutional right is implicated, *id*., the supreme court has consistently held that the time-bar is applicable to PCR claims based on involuntary guilty pleas. *Kirk v. State*, 798 So. 2d 345, 346 (¶6) (Miss. 2000).

¶8.     Jenkins pled guilty to manslaughter on July 29, 2004, and he filed this motion on August 19, 2013, over nine years later. Jenkins filed his motion for the purpose of proving that "[he] is actually innocent, and that his guilty plea was the product of inducement by the

3

[p]rosecutor and the [d]efense counsel." Because this motion was filed outside the three-year statute of limitations and involves a claim that his guilty plea was involuntary, we find that the trial court properly dismissed the PCR motion as time-barred.

¶9.    **THE JUDGMENT OF THE JONES COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**