# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-00178-COA

**CHARLES LEE REYNOLDS**                                                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                                      APPELLEE

DATE OF JUDGMENT:    09/12/2018
TRIAL JUDGE:      HON. ROGER T. CLARK
COURT FROM WHICH APPEALED: HARRISON COUNTY CIRCUIT COURT,
            FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:  CHARLES LEE REYNOLDS (PRO SE)
ATTORNEY FOR APPELLEE:   OFFICE OF THE ATTORNEY GENERAL
            BY: ABBIE EASON KOONCE
NATURE OF THE CASE:    CIVIL - POST-CONVICTION RELIEF
DISPOSITION:      REVERSED AND REMANDED - 03/17/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE CARLTON, P.J., LAWRENCE AND McCARTY, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1. Charles Reynolds pled guilty to capital murder in 1978 and received a life sentence in the custody of the Mississippi Department of Corrections.[1] Reynolds was subsequently released on parole in 2000 but later had his parole revoked in 2002 after failing a drug test.[2] On June 18, 2018, Reynolds filed a "Petition for Writ of Habeas Corpus/Motion to Vacate

---

[1] Reynolds subsequently pled guilty to armed robbery, which was related to the same sequence of events as the capital murder. The circuit court sentenced Reynolds to serve fifteen years concurrent with his life sentence.

[2] Reynolds was also previously paroled in 1989 but had his parole revoked in 1990. That parole revocation is not an issue on appeal.

Revocation of Parole." The circuit court treated the filing as a motion for post-conviction relief (PCR) and dismissed the motion for lack of jurisdiction. Reynolds filed a motion to reconsider, which the court denied. Finding the circuit court erroneously dismissed for lack of jurisdiction, we reverse and remand.

## STANDARD OF REVIEW

¶2. We review a circuit court's findings of fact regarding the denial or dismissal of a PCR motion for abuse of discretion. *Wallace v. State*, 180 So. 3d 767, 769 (¶7) (Miss. Ct. App. 2015). Questions of law are reviewed de novo. *Id.*

¶3. The circuit court may dismiss a PCR motion without an evidentiary hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief[.]" Miss. Code Ann. § 99-39-11(2) (Rev. 2015). To succeed on appeal, the PCR petitioner must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive. *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999).

## ANALYSIS

¶4. At the outset, we recognize that the circuit court properly treated Reynolds's filing as a PCR motion. *See Jenkins v. State*, 159 So. 3d 608, 609 (¶5) (Miss. Ct. App. 2015) (acknowledging that "[t]he Mississippi Supreme Court has held that a post-trial motion seeking habeas corpus relief is to be evaluated under the [Uniform Post-Conviction Collateral Relief Act]"). In his motion, Reynolds argued that his parole was unlawfully revoked

2

because he was not given a preliminary revocation hearing, his final revocation hearing was held outside a twenty-one day period, and he was never provided with a written statement of the alleged violation.

¶5. The circuit court relied on *Cotton v. Mississippi Parole Board*, 863 So. 2d 917, 921 (¶10) (Miss. 2003), and *Mack v. State*, 943 So. 2d 73, 76 (¶8) (Miss. Ct. App. 2006), in dismissing Reynolds's motion for lack of jurisdiction. Both of those cases involved a direct appeal from the Parole Board's denial of parole—not a PCR motion challenging an illegal revocation. PCR motions are governed by the provisions of the Mississippi Uniform Post-Conviction Collateral Relief Act. *See* Miss. Code Ann. § 99-39-5 (Rev. 2015). Both Mississippi Code Annotated subsections 99-39-5(1)(h) and (2)(b) specifically grant trial courts jurisdiction to consider a prisoner's post-conviction claim that his parole was unlawfully revoked.

¶6. Further, the circuit court incorrectly dismissed Reynolds's motion as time-barred, because Reynolds was claiming his parole revocation was unlawful. Mississippi Code Annotated section 99-39-5(2)(b) provides that "cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked" are excepted from the procedural time bar. *See also Edmond v. Miss. Dep't of Corr.*, 783 So. 2d 675, 678 (¶12) (Miss. 2001).

¶7. Because the circuit court had exclusive original jurisdiction to consider the merits of Reynolds's PCR motion, we reverse and remand for further proceedings consistent with this

3

opinion. *Graham v. State*, 85 So. 3d 847, 850-51 (¶¶5-7) (Miss. 2012).

¶8.    **REVERSED AND REMANDED.**

    **BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, McCARTY AND C. WILSON, JJ., CONCUR.**