# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00543-COA

**CADARRIO DEWAYNE PATRICK A/K/A**                    **APPELLANT**
**CADARRIO D. PATRICK A/K/A CADARRIO**
**PATRICK**

**v.**

**STATE OF MISSISSIPPI**                                     **APPELLEE**

DATE OF JUDGMENT:            06/01/2020
TRIAL JUDGE:                 HON. BRIAN KENNEDY BURNS
COURT FROM WHICH APPEALED:   SCOTT COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      CADARRIO DEWAYNE PATRICK (PRO
                             SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY:  ALLISON ELIZABETH HORNE
NATURE OF THE CASE:          CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                 AFFIRMED - 04/27/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE WILSON, P.J., GREENLEE AND WESTBROOKS, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     Appearing pro se, Cadarrio Dewayne Patrick appeals the circuit court's dismissal of his most recent motion for post-conviction collateral relief (PCR).  Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     On December 2, 2011, Patrick was indicted by a Scott County grand jury for murder while engaged in the commission of the felony crime of robbery in violation of Mississippi Code Annotated section 97-3-19(2)(e) (Rev. 2006).  On August 3, 2012, Patrick filed a sworn

"Petition to Plead Guilty" in Case No. 12-CR-020. Patrick pled guilty to capital murder and robbery. After conducting a hearing, the circuit court accepted Patrick's guilty plea. Patrick was sentenced to life without eligibility for parole for capital murder, to be served in the custody of the Mississippi Department of Corrections. He was also sentenced to ten years for robbery, to be served consecutively to the life sentence for the murder conviction.

¶3. On November 30, 2012, Patrick filed his first PCR motion in the Scott County Circuit Court. Patrick alleged double jeopardy and ineffective assistance of counsel. On December 10, 2012, the circuit court vacated the conviction and sentence for the robbery charge and dismissed the ineffective-assistance-of-counsel claim. Patrick's second PCR motion was denied by the circuit court on March 15, 2013, and the Supreme Court dismissed his appeal as untimely on September 25, 2013.[1] Patrick filed two subsequent motions in the Supreme Court, which were considered as PCR motions and dismissed for filing in the circuit court.[2]

¶4. On November 21, 2019, Patrick filed the current PCR motion. On June 1, 2020, the circuit court denied the relief requested and dismissed the motion as being successive and time-barred. Miss. Code Ann. § 99-39-5(2) & -23(6) (Rev. 2015). Patrick appeals alleging (1) that the trial court incorrectly found the PCR motion to be successive and time-barred; (2) that his indictment was defective; (3) that the trial judge improperly participated in the plea discussions; (4) that his plea was involuntary; (5) that he was denied the opportunity to

---

[1] The record before us does not contain a copy of this PCR or the circuit court's denial, so we do not know what allegations were made in Patrick's second PCR motion.

[2] The record before us does not indicate whether Patrick refiled either of these motions in the Scott County Circuit Court.

withdraw his plea; and (6) that he received ineffective assistance of counsel.

## STANDARD OF REVIEW

¶5.     The standard of review for the denial and dismissal of PCR motions is well-settled; we will only disturb a decision that was clearly erroneous. *Kirksey v. State*, 728 So. 2d 565, 567 (¶8) (Miss. 1999) (citing *State v. Tokman*, 564 So. 2d 1339, 1341 (Miss. 1990)). Questions of law are reviewed de novo. *Rice v. State*, 910 So. 2d 1163, 1164-65 (¶4) (Miss. Ct. App. 2005) (citing *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999)).

## DISCUSSION

¶6.     As stated above, Patrick's first PCR motion, filed on November 30, 2012, was dismissed by the circuit court. The motion currently before us is Patrick's most recent attempt at relief pursuant to the Uniform Post-Conviction Collateral Relief Act (UPCCRA). "[A]ny order dismissing the petitioner's motion or otherwise denying relief under [the UPCCRA] is a final judgment and shall . . . be a bar to a second or successive motion under this article." Miss. Code Ann. § 99-39-23(6). But we recognize that "errors affecting fundamental constitutional rights are excepted from the procedural bars of the [UPCCRA]." *Dixon v. State*, 52 So. 3d 1254, 1255 (¶3) (Miss. Ct. App. 2011) (citing *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010). "When a subsequent PCR motion is filed, the burden falls on the movant to show he has met a statutory exception." *Stokes v. State*, 199 So. 3d 745, 749 (¶10) (Miss. Ct. App. 2016) (quoting *Williams v. State*, 110 So. 3d 840, 843 (¶15) (Miss. Ct. App. 2013)). We have reviewed Patrick's submissions and find that only his claim of a defective indictment raises a fundamental constitutional right that could (if supported

3

by the evidence) give rise to an exemption.

¶7. In an attempt to evade the procedural bars of the UPCCRA, Patrick maintains that the indictment affected a fundamental constitutional right because it was defective, thus depriving the circuit court of having jurisdiction to accept his plea. Specifically, he argues that the indictment erroneously failed to identify the victim of the underlying robbery offense and also failed to cite "the robbery statute." However, the subject indictment was not defective. "In capital-murder cases, unless the underlying felony is burglary, 'the underlying felony that elevates the crime to capital murder must be identified in the indictment along with the section and subsection of the statute under which the defendant is being charged.'" *Batiste v. State*, 121 So. 3d 808, 836 (¶43) (Miss. 2013) (footnote omitted) (quoting *Goff v. State*, 14 So. 3d 625, 665 (¶176) (Miss. 2009)); *see* Miss. Code Ann. § 99-17-20 (Rev. 2020). There is no requirement that a capital murder indictment identify the victim of the underlying felony. *Carson v. State*, 212 So. 3d 22, 33 (¶38) (Miss. 2016).

¶8. Patrick's indictment reads, in relevant part: "That Cadarrio Dewayne Patrick . . . did kill and murder one George Bates, a human being, while he, the said Cadarrio Dewayne Patrick, was then and there engaged in the commission of the felony crime of robbery, contrary to and in violation of Section 97-3-19(2)(e), Miss. Code 1972, as amended[.]" Clearly, Patrick's indictment was sufficient, as it includes all necessary requirements. It states that robbery is the underlying felony and also cites the statute under which he was charged for capital murder.

¶9. Further, Patrick's claim pertaining to the indictment cannot overcome the procedural

4

bars of the UPCCRA, and the trial court properly held all claims to be successive. Miss. Code Ann. § 99-39-23(6). The instant motion was also filed outside of the applicable three-year statute of limitations provided in the UPCCRA. Miss. Code Ann. § 99-39-5(2). The record indicates that Patrick pled guilty and was sentenced on August 3, 2012. His current motion was filed on November 21, 2019, over seven years later. Therefore, we agree with the circuit court that Patrick's PCR motion is time-barred.

## CONCLUSION

¶10.    Because Patrick clearly fails to establish an excepted error affecting a fundamental constitutional right, we must affirm the circuit court's dismissal of his successive and untimely claims. Accordingly, and for the reasons stated above, we affirm.

¶11.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**